801 F.2d 393
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
BUNKER RAMO-ELTRA CORPORATION; Allied Corporation,
Plaintiffs-Appellees,
v.
FAIRCHILD INDUSTRIES, INC., Fairchild Industries of
Delaware, Inc., Defendants- Appellants.
 No. 86-1635.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 21, 1986.
Decided Sept. 18, 1986.
 
 John Henry Lewin, Venable, Baetjer & Howard, Robert H. SAnd, and Noel C. Crowley, Allied Corporation, for appellees.
 L. Paige Marvel, James Howard Schropp, Fried, Frank, Harris, Shriver & Jacobson, Jack McDonnell and Kathleen K. Clarke, Fairchild Industries, Inc., for appellants.
 D.Md., 639 F.Supp. 409.
 DISMISSED.
 PER CURIAM:
 
 
 1
 Before us is the plaintiff-appellees' motion to dismiss this appeal from the district court's order granting summary judgment pursuant to Sec. 16(b) of the Securities and Exchange Act, 15 U.S.C. Sec. 78p(b). The order appealed from does not dispose of all the claims or all of the parties within the meaning of Federal Rule of Civil Procedure 54(b). The order is not, therefore, final within the meaning of 28 U.S.C. Sec. 1291. Federal appellate jurisdiction generally depends on the existence of a decision by the district court that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233 (1945). For this reason, we grant the motion and dismiss the appeal.
 
 
 2
 Defendant-appellants claim that the order is properly reviewable at this time because "[t]he only matter left open was the ministerial process of adding up the amount of interest due." This claim is simply incorrect. Though "ministerial" calculations need not be "automatic," they must be "unlikely to engender dispute or controversy, and ... require no judicial determinations that might ... give rise to other appealable questions." Parks v. Pavkovic, 753 F.2d 1397, 1402 (7th Cir.), cert. denied, --- U.S., ----, 54 U.S.L.W. 3270 (Oct. 21, 1985). The district judge clearly reserved for himself the judicial determination of awardable interest when he stated that the requested amount "seems excessive" and invited the plaintiffs to submit supporting affidavits. Because a judicial determination has yet to be made, the calculation of interest awardable is not a "ministerial" decision. This appeal is simply premature.
 
 
 3
 Because the dispositive issue has been authoritatively decided, we dispense with oral argument.
 
 
 4
 DISMISSED.